Edward JAGIELSKI

v.

**PACKAGE MACHINE COMPANY, Reed-Prentice, Jointly & Severally.**

**Civ. A. No. 80–0405.**

United States District Court, E. D. Pennsylvania.

May 14, 1980.

Ronald I. Rosenstein, Norristown, Pa., for plaintiff.

Robert St. Leger Goggin, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A plastic injection molding machine from which plaintiff tried to remove a foreign object amputated part of his right arm and caused shock, pain and disfigurement for which he now seeks damages. Plaintiff accuses defendants of negligently designing, manufacturing, distributing and selling the machine to his employer and breaching both express and implied warranties of safety, fitness and merchantability. Additionally, plaintiff charges that defendants conspired to allow the machine to be used by operators despite knowledge by defendants that the machine was unreasonably dangerous and to alter and destroy the machine following plaintiff's injuries to impede and preclude inspection by plaintiff's experts and attorney.

Defendants, now moving to strike the counts in the complaint alleging conspiracy, have represented that defendant Reed-Prentice has been a division of defendant Package Machinery Company (PMC) for approximately twenty-three years. Previously, defendants advise, Reed-Prentice functioned as a wholly-owned subsidiary of PMC. Plaintiff admits that both Reed-Prentice and PMC have an identical principal place of business.

Undoubtedly, a conspiracy requires at least two persons or corporate entities.[1] A corporation cannot conspire with itself[2] because a corporation can act only through its officers and employees. While conducting company business, they cannot conspire with the corporation of which they form an indispensable part.[3] A corporate conspiracy also requires more than the collective judgment of two individuals within the same entity, for their conduct, if challenged, becomes that of the single, corporate entity.[4] These principles have been accepted in this district,[5] other districts within this circuit,[6] and the circuit

1. *Morrison v. California* 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934), *Ammlung v. City of Chester*, 494 F.2d 811 (3d Cir. 1974).

2. *Rushton v. Shea*, 419 F.Supp. 1349 (D.Del. 1976).

3. *Webb v. Culberson Heller & Norton, Inc.*, 357 F.Supp. 923 (N.D. Miss.1973).

4. *Keddie v. Pennsylvania State University*, 412 F.Supp. 1264 (M.D.Pa.1976).

5. *Higbie v. Kopy Kat, Inc.*, 391 F.Supp. 808 (E.D.Pa.1975), *Allen Organ Co. v. North American Rockwell Corp.*, 363 F.Supp. 1117 (E.D.Pa. 1973).

6. *Aungst v. J. C. Penney, Inc.*, 456 F.Supp. 370 (W.D.Pa.1978), *Keddie v. Pennsylvania State University, supra, Coulbourne v. Rollins Auto Leasing Corp.*, 392 F.Supp. 1198 (D.Del.1975).

courts of appeals.[7] Because Reed-Prentice forms a division of PMC, plaintiff has alleged a legally incognizable one-corporation conspiracy.[8] Accordingly, the motion to strike those portions of the complaint alleging conspiracy will be granted.

 One final observation merits attention. Plaintiff, a Pennsylvania domiciliary, predicated jurisdiction of this Court upon diversity of citizenship and alleged that Reed-Prentice and PMC have a principal place of business in East Longmeadow, Massachusetts. However, plaintiff failed to allege the state in which defendant has been incorporated and, therefore, has not eliminated the possibility that diversity jurisdiction may not lie.[9] Federal law deems a corporation to be a citizen of both the state where it maintains its principal place of business *and* is incorporated.[10] Plaintiff, as the party invoking federal jurisdiction, must affirmatively allege the essential elements of diversity jurisdiction,[11] and

> [w]here these facts do not appear on the face of the complaint, it is defective from a jurisdictional standpoint . . . . [P]roperly pleading jurisdiction affects the very power of a federal court to adjudicate the alleged claim.[12]

Amendment will be allowed, however, in the interests of justice[13] since defendant will not be unfairly prejudiced thereby.[14] Accordingly, plaintiff will be allowed ten days from the date of the accompanying order to amend the complaint and to allege the state of incorporation of defendant.

---

7. *Greenville Publishing Co. v. Daily Reflector, Inc.*, 496 F.2d 391 (4th Cir. 1974), *Baker v. Stuart Broadcasting Co.*, 505 F.2d 181 (8th Cir. 1974), *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972), *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699 (2d Cir. 1972), *Joseph E. Seagram & Sons, Inc. v. Hawaiian Oke & Liquors, Ltd.*, 416 F.2d 71 (9th Cir. 1969), *Pearson v. Youngstown Sheet & Tube Co.*, 332 F.2d 439 (7th Cir.), *cert. denied*, 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964), *Zelinger v. Uvalde Rock Asphalt Co.*, 316 F.2d 47 (10th Cir. 1963), *Goldlawr v. Shubert*, 276 F.2d 614 (3d Cir. 1960), *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911 (5th Cir. 1952), *cert. denied*, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953).

8. *Cf. Quigley v. Exxon Co. U. S. A.*, 376 F.Supp. 342, 350 (M.D.Pa.1974) ("a corporation cannot conspire with its unincorporated divisions").

9. Where a doubt arises concerning the existence of federal jurisdiction, the court is obliged to inquire sua sponte. *Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), *Liberty Mutual Insur-*

ance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).

10. 28 U.S.C. § 1332(c).

11. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

12. *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406, 408–09 (E.D.Pa.1980).

13. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

14. *Zenith Radio Corp. v. Hazletine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). *See also* Fed.R.Civ.P. 15(a) and 28 U.S.C. § 1653 and generally *Gallo v. Yamaha Motor Corp., U.S.A.*, 488 F.Supp. 502 (E.D.Pa. 1980), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D.Pa.1980), and *Holman v. Carpenter Technology Corp., supra*.