Warren RUPPERT, Keith D. Mann, and David A. Hemond, adult individuals

v.

LEHIGH COUNTY, a political subdivision.

Civ. A. No. 80–2479.

United States District Court, E. D. Pennsylvania.

Sept. 19, 1980.

Bernard V. O'Hare, Bethlehem, Pa., for plaintiffs.

J. E. Roberts, Sol., Lehigh County, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Complaining that defendant Lehigh County impermissibly intruded upon their exercise of First and Fourteenth Amendment rights, plaintiffs, two former and one present county employees, instituted this action to recover lost wages and to obtain reinstatement pendente lite. Additionally, plaintiffs Ruppert and Mann alleged that defendant terminated their employment without notice or an opportunity to be heard; plaintiff Hemond alleged similar constitutional infractions concerning a ten—day suspension he received. Now moving to dismiss, defendant contends that plaintiffs did not have a constitutionally protected property or liberty interest in their employment. Alternatively, defendant argues, even if plaintiffs had a property interest in their employment under the Pennsylvania Public Employees Act of 1970, 43 P.S. § 1101.101 et seq., plaintiffs cannot realize any potential benefits thereunder without adducing an extant collective bargaining agreement as well as exhausting initially unfair labor practice charges with the Pennsylvania Labor Relations Board. 43 P.S. § 1101.1301.

Plaintiffs reply that the discovery process will unearth facts sufficient to sustain their cause of action. However,

whether plaintiffs have a constitutionally protected property interest in their employment with defendant is a question of law which the discovery process will not affect and the Court must decide. *Associated Hardware Supply Co. v. Big Wheel Distribution Co.,* 355 F.2d 114 (3d Cir. 1966). The sufficiency of the claim must be decided by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In Pennsylvania a public employee becomes entitled to a hearing only if a contractual or statutory provision confers the right concomitant to his employment. *Hoffman v. Montour County,* —— Pa. Cmwlth. ——, 411 A.2d 1319 (1980). *See also Amesbury v. Luzerne County,* 27 Pa. Cmwlth. 418, 366 A.2d 631 (1976) (to trigger due process rights to a hearing, employee's discharge must affect a property right in employment). Even assuming that plaintiffs qualify as "public employees" and defendant as "public employer" within the meaning of the Pennsylvania Public Employees Act, *see Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965) and *Pieckelun v. Kimberly Clark Corp.,* 493 F.Supp. 93 (E.D.Pa.1980), defendants have neither alleged the existence of any collective bargaining agreement nor cited any statutory provision which grants them this right. Without any statutory or contractual rights granting tenure in their public employment, plaintiffs must be considered

> employees at will who could be discharged at any time. Employees' status, devoid of any property rights in [their] employment, made a hearing unnecessary before discharging [them]. Hence, the commissioners were not required to adhere to due process standards . . .

*Hoffman v. Montour County,* —— Pa. Cmwlth. at ——, 411 A.2d at 1320. Accordingly, defendant's motion to dismiss ¶¶ 9, 16 and 23 will be granted. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Mikkilineni v. United Engineers & Constructors, Inc.,* 485 F.Supp. 1292 (E.D.Pa.1980), *Griesemer v. Retail Store Employees Union, Local 1393,* 482

F.Supp. 312 (E.D.Pa.1980) and *Dezura v. Firestone Tire & Rubber Co.,* 470 F.Supp. 121 (E.D.Pa.1979), *aff'd,* 612 F.2d 571 (3d Cir. 1980) (dismissing complaints for failure to exhaust administrative remedies).

■ In contrast, however, plaintiffs do *not* need to identify any liberty interest in order to vindicate alleged infractions of their right to free speech. Even if plaintiffs had no constitutional right to continued employment with defendant, they still could not be terminated or suspended for exercising a constitutional right. *See Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and *Farkas v. Thornburgh,* 493 F.Supp. 1168 (E.D.Pa.1980). Therefore, defendant's motion to dismiss ¶¶ 10, 17 and 24 will be denied.

Finally, defendant also moves for a more definite statement of ¶¶ 10, 17 and 24 of the complaint, in which each plaintiff alleged that "the real reason for his termination [or suspension] [was] his exercise of his right to free speech guaranteed by the First and Fourteenth Amendments to the United States Constitution". Defendant complains that these allegations are "unintelligible" and "fail[ ] to limit the scope of the lawsuit or define the issue or issues which defendant must meet in the litigation". Defendant's Brief at 8.

■ Generally, a complaint need not detail facts sufficient to state a cause of action; rather it must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment . . ." Fed.R. Civ.P. 8(a). *See Schaedler v. Reading Eagle Publications, Inc.,* 370 F.2d 795 (3d Cir. 1967) and *Beaschoechea v. Sverdrup & Parcel and Associates, Inc.,* 486 F.Supp. 169 (E.D.Pa.1980). However, federal courts do hold complaints alleging violations of specific constitutional rights, *Gilbert v. School District No. 50, Adams County,* 485 F.Supp. 505 (D.Colo.1980), and civil rights especially, *Hall v. Pennsylvania State Police,* 570 F.2d 86 (3d Cir. 1978), to a standard of greater particularity and precision. *See generally Boddorff v. Publicker Industries, Inc.,* 488

F.Supp. 1107 (E.D.Pa.1980). In *Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1976), the plaintiff alleged that the defendants "voted to terminate [his] employment . . . because [he] had exercised his First Amendment privileges under the Constitution of the United States". *Id.* at 921. The court considered these "vague and conclusory" allegations inadequate to state when, where and how the plaintiff had exercised his First Amendment privileges, thereby

> rendering it impossible to determine if indeed his activity was the sort afforded protection under the First Amendment and whether it had any relevance to termination of his employment. The allegations state no facts upon which to weigh the substantiality of the claim; they do not aver the content of the alleged First Amendment exercise.

*Id.* at 923. In the case at bar plaintiffs have alleged no more than a summary conclusion that defendant violated their First Amendment right to freedom of speech, which plaintiffs apparently consider a violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, as well. *See* Plaintiffs' Brief at 2. Plaintiffs have failed to specify when, where and how they exercised their First Amendment free speech rights. Accordingly, plaintiffs will be given leave to file a more specific complaint within ten days of the date of the accompanying order. *See Jagielski v. Package Machine Co.*, 489 F.Supp. 232 (E.D.Pa.1980), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D.Pa.1980) and *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.1980) and Fed.R.Civ.P. 15(a).