**RAINBOW TRUCKING, INC. and Claude Kelley**

v.

**ENNIA INSURANCE COMPANY and All Risks, Ltd. and National Agents Service Company, Inc. and Don Duiser, Individually and t/a Don Duiser Insurance.**

Civ. A. No. 80–2300.

United States District Court,
E. D. Pennsylvania.

Oct. 3, 1980.

Harry C. J. Blair, Easton, Pa., for plaintffs.

Robert H. Dickman, Philadelphia, Pa., for Ennia.

G. Wayne Renneisen, Philadelphia, Pa., for National Agents.

Michael J. Aheron, Salem, Va., for Duiser.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Early in May 1979 plaintiffs and defendants Ennia Insurance Company (Ennia) and All Risks, Ltd. (All Risks) entered into an insurance contract arranged by defendant Duiser and financed by defendant National Agents Service Company. Less than one year later, in February 1980, one of the tractor–trailer trucks covered by the insurance contract was stolen. Plaintiffs contend that, although they made all premium payments in a timely manner, defendants have not honored their claim. In Count One plaintiffs seek damages in assumpsit equal to the value of the truck at the time of the theft. In Count Two plaintiffs allege that defendants notified them for the first time in March 1980 that the insurance contract had been cancelled effective October 19, 1979. Plaintiffs allege that defendants fraudulently misrepresented to plaintiffs that their coverage extended beyond that date. In Count Three plaintiffs allege that defendants have converted and retained for their own use the premium payments which plaintiffs made according to their contract. Finally, in Count Four plaintiffs allege that defendants breached their duty of exercising reasonable skill, care and diligence in effecting insurance coverage of plaintiffs' property. Under Counts One and Four plaintiffs seek compensatory damages; under Counts Two and Three they also request punitive damages. Ennia and All Risks now move to dismiss the complaint on several grounds, discussed seriatim below.

■ First, All Risks contends that it acted as a disclosed agent, not an insurer, in this matter and that, therefore, no personal liability attached on its part. The Certificate of Insurance evidencing the parties' agreement indicates that the instrument was "effected with Ennia Insurance Company through All Risks, Ltd., in accordance with authorization granted All Risks, Ltd., by Ennia Insurance Company ..." On several endorsements to the policy All Risks executed the contract for Ennia. All Risks

further represents that it is not a licensed insurer in any state and never has been. Plaintiffs, on the other hand, point to the possibility that All Risks is an insurer and that Ennia is a re–insurer. With such ambiguity in the present record, dismissing the complaint on this basis would be premature. Following discovery and a more fully developed record perhaps the matter could be resolved through a motion for summary judgment. *See Eastern Associated Coal Corp. v. Aetna Casualty & Surety Co.*, 632 F.2d 1068 (3d Cir. 1980) (review of rules relating to analysis of insurance policies under Pennsylvania law.) At present, however, the motion to dismiss on this basis must be denied.

■ Second, defendants contend that the contract of insurance names Claude L. Kelley as the insured and lists Rainbow Trucking, Inc. (Rainbow) as his trade name. If, in fact, Rainbow exists as a valid corporation and separate legal entity, Ennia objects that they did not so advise, and accordingly no contract of insurance exists as to Rainbow, which then cannot maintain a cause of action against defendants. The Certificate of Insurance issued to Kelley and Rainbow lists them as "Claude L. Kelley t/a Rainbow Trucking, Inc." Pennsylvania law reserves exclusive use of the designation "Inc." for corporations validly organized and existing under the Pennsylvania Business Corporation Act of 1933, 15 P.S. § 1201 *et seq.* Defendants prepared the contract; their use of possibly contradictory designations put them on notice that Rainbow and Kelley operated as separate and distinct legal entities. Any inconsistency between use of the "trading as" abbreviation and "Inc." should have been resolved by the insurer. *Cf. Transport Indemnity Co. v. Home Indemnity Co.*, 535 F.2d 232 (3d Cir. 1976) (contradictory language of insurance policy construed against insurer).

■ Next, defendants contend that plaintiffs failed to allege that they owned the stolen vehicle and/or that they held an insurance interest therein. Although the better practice would be to include an alle-gation of ownership and insured interest, the complaint is not fatally defective without one. *See* Fed.R.Civ.P. 8(a), *Ruppert v. Lehigh County*, 496 F.Supp. 954 (E.D.Pa. 1980) and *Beaschoechea v. Sverdrup Parcel & Associates, Inc.*, 486 F.Supp. 169 (E.D.Pa. 1980). Similarly, the seed of defendant's contention that the complaint fails to mention that plaintiffs tendered a Proof of Loss in a timely manner falls upon the same unfertile soil. Such an allegation, however, would be proper and advisible, and plaintiffs will be given an opportunity to amend the complaint to conform to the better practice. *See Ruppert v. Lehigh County, supra, Jagielski v. Package Machine Co.*, 489 F.Supp. 232 (E.D.Pa.1980), *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.), and Fed.R.Civ.P. 15(a).

■ Next, defendants urge dismissal of the complaint for failure to join Mack Financial Corporation and Fruehauf Trailer Company, identified on the face of the policy as loss payees, as necessary parties. Fed.R.Civ.P. 19(a)(2) provides, in pertinent part, that

[a] person ... shall be joined as a party in the action if ... he claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may ... leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

*See generally Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir. 1980). The rule attempts to guarantee that all parties interested in a particular lawsuit have the chance to affect the outcome and will have the benefit of finality as to the judgment rendered. *White Hall Building Corp. v. Profexray Division of Litton Industries, Inc.*, 387 F.Supp. 1202 (E.D.Pa.1974), *aff'd*, 578 F.2d 1377 (3d Cir. 1978). *Cf. Harris v. Balk*, 198 U.S. 215, 218, 25 S.Ct. 625, 628, 49 L.Ed. 1023 ("[i]t ... is the object of courts to prevent the payment of any debt twice over"). In the case at bar the contract of insurance states that loss is payable to the

assured and "to the person or persons specified in the schedule for that purpose". Failure to join these parties exposes defendants to the risk of incurring multiple obligations. *Cf. Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D. Pa., aff'd, 636 F.2d 1209 (3d Cir. 1980) (failure to join named seller to transaction in breach of contract suit.) Accordingly, plaintiffs will be ordered to join Mack and Fruehauf as parties to this litigation. *See Blacks v. Mosley Machinery Co.*, 57 F.R.D. 503 (E.D.Pa.1972).

■ Finally, defendants move to dismiss the complaint because it includes a claim for punitive damages, which may not be recovered in a breach of contract claim. *Carpel v. Saget Studios, Inc.*, 326 F.Supp. 1331 (E.D.Pa.1971). *Cf. International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979) (punitive damages may not be assessed against a union which breaches its duty of fair representation under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*) and *Dian v. United Steelworkers of America*, 486 F.Supp. 700 (E.D.Pa.1980) (to the same effect for an action brought under the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*). However, plaintiffs claim punitive damages only in Counts Two and Three, which sound in tort for fraud and conversion. Punitive damages may be awarded for fraud, *Long v. McAllister*, 275 Pa. 34, 118 A. 506 (1922) and conversion, *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 197 A.2d 721 (1964). *See generally Hoffman v. Sterling Drug, Inc.*, 485 F.2d 132 (3d Cir. 1973), *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355 (1963) and *Thompson v. Swank*, 317 Pa. 158, 176 A. 211 (1934). Accordingly, defendants' motion to dismiss the complaint will be denied. An appropriate order will be entered.