Pauline E. ROESBERG, Executrix of the Estate of Henry B. Roesberg, Sr., and in her own right

v.

JOHNS–MANVILLE CORP. et al.

Civ. A. No. 79–3016.

United States District Court,
E. D. Pennsylvania.

Jan. 13, 1981.

Mitchell Cohen, Philadelphia, Pa., for plaintiffs.

Edward Greer, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

May a plaintiff, present in federal court on the basis of diversity of citizenship, amend her complaint to include a claim time-barred by state law? As Hamlet remarked in his redoubtable soliloquy, "That is the question". The Federal Rules of Civil Procedure permit a party to amend his

pleadings once "as a matter of course" under specified conditions[1] and "[o]therwise . . . only by leave of court . . . [which] shall be freely given when justice so requires".[2] Courts generously allow amendments, for the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.[3]

In the case at bar, plaintiffs, a husband and wife, brought suit to recover compensatory and punitive damages for injuries which he sustained as an insulator working with asbestos products.[4] His wife complained that as a result of defendants' negligence she had been deprived of his "society, services and companionship".[5] The wife, subsequently widowed,[6] now seeks to add two counts alleging more specifically her own injuries resulting from defendants' conduct.[7]

Liberal exercise of the Court's discretion in allowing amendments fosters deciding controversies on the merits.[8] Where the moving party acts in good faith, not to delay unduly disposition of the issues, and the other party will not be unfairly prejudiced thereby amendment will be allowed.[9]

1. Fed.R.Civ.P. 15(a) provides, in relevant part, that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served".

2. Fed.R.Civ.P. 15(a).

3. *United States v. Hougham*, 364 U.S. 310, 317, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960), quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

4. *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980).

5. Complaint, ' 38.

6. The husband died in February 1980. Shortly before that plaintiff filed a motion for leave to amend the complaint to add two corporations as additional defendants. In March plaintiff filed a motion to substitute the wife in her capacity as executrix of her husband's estate. The Court allowed both amendments.

7. Specifically, in Count VIII plaintiff alleges:
40. As a direct and proximate result of the aforesaid conduct manifested by defendants, plaintiff has developed or may develop severe anxiety, hysteria phobias, any or all of which may develop or has developed into a reasonable and traumatic fear of an increased risk of additional asbestos caused and/or related disease including, but not limited to, cancer to plaintiff, resulting from *exposure, directly and indirectly to the asbestos products of defendants* through exposure to the decedent's work clothes and tools.
41. As a direct and proximate result of the aforesaid conduct manifested by defendants, plaintiff has and will continue to suffer permanent and on-going psychological damage which may require future psychological and/or medical treatment.

42. As a direct and proximate result of the aforesaid conduct manifested by defendants, *plaintiff has suffered and will continue to suffer a disentegration [sic] and deterioration of the family unit and the relationships existing therein,* resulting in enhanced anguish, depression and other symptoms of psychological stress and disorder. In Count IX plaintiff alleges that:
44. Plaintiff brings this cause of action against the defendants named herein pursuant to the provisions of 42 Pa.Cons.Stat.Ann. § 8302.

\* \* \* \* \* \*

46. Said cause of action is, therefore, in part, brought for the recovery of damages occasioned by the precuniary [sic] losses suffered by reason of his death; the expenses occasioned by his injury and death; and damages for the pain, suffering and inconvenience the decedent underwent prior to his death. As such this action on behalf of the Estate falls under the Survival and Wrongful Death Provisions of the laws of the Commonwealth of Pennsylvania.

\* \* \* \* \* \*

8. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971), *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1976) and *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

9. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *See also Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406, 409 (E.D.Pa.1980) ("the Federal Rules . . . advance . . . the principle that the pleadings should facilitate not obstruct, a proper disposition on the merits").

This Court has followed these polestars consistently. In *Rainbow Trucking, Inc. v. Ennia Insurance Co.,*[10] this Court allowed one defendant to amend a crossclaim to comply with the requirements of Fed.R.Civ.P. 8(a). This Court has permitted plaintiffs to amend a complaint to add First Amendment claims to a civil rights case,[11] to include allegations of ownership and insured interests in a breach of contract action,[12] to specify how, where and when plaintiffs exercised free speech rights upon which the defendants had infringed,[13] to plead essential elements of diversity jurisdiction properly,[14] and to add claims which counsel had neglected to allege in the original complaint.[15] This Court has also treated a complaint as if the plaintiff had amended it to allege that defendant had manufactured a device in a particular location in order to afford plaintiff the full benefit of her theory of liability[16] and to allege sufficient facts to qualify a plaintiff as a "percipient witness" in order to state a claim in an action for negligent infliction of emotional harm.[17]

In the case at bar defendants opposing this motion contend that amendment must be denied because Pennsylvania law prohibits amendments filed after the applicable statute of limitations has run where the allegations to be added state a new cause of action,[18] which Pennsylvania courts have defined in the tort context as "the negligent act or acts which occasioned the injury".[19] To determine whether the amendment states a new cause of action, the Court must examine how the plaintiff originally stated her cause of action and if she showed a legal right to recover what she subsequently claims.[20] In the case at bar plaintiffs charged defendants in the original complaint with negligence, breach of warranty, fraudulent misrepresentation and conspiracy.[21] In the proposed amendment[22] plaintiff claims that this *identical* conduct has injured her as well as her husband and more fully describes in what ways she has suffered the loss of his "society, services

**10.** 500 F.Supp. 96 (E.D.Pa.1980).

**11.** *Carey v. Beans,* 500 F.Supp. 580 (E.D.Pa. 1980).

**12.** *Rainbow Trucking, Inc. v. Ennia Insurance Co.,* 500 F.Supp. 96 (E.D.Pa.1980).

**13.** *Ruppert v. Lehigh County,* 496 F.Supp. 954 (E.D.Pa.1980).

**14.** *Jagielski v. Package Machine Corp.,* 489 F.Supp. 232 (E.D.Pa.1980).

**15.** *Beascoechea v. Sverdrup Parcel & Associates, Inc.,* 486 F.Supp. 169 (E.D.Pa.1980).

**16.** *Cistone v. Ford Motor Co.,* 504 F.Supp. 328, No. 79–2210 (E.D.Pa. November 25, 1980).

**17.** *Bliss v. Allentown Public Library,* 497 F.Supp. 487 (E.D.Pa.1980). *Cf. Chapman v. Sheridan-Wyoming Coal Co.,* 338 U.S. 621, 70 S.Ct. 392, 94 L.Ed. 393 (1950) (affirming district court's denial of amendment since proposed amended complaint failed to state a claim for relief), *Pini v. Allstate Insurance Co.,* 499 F.Supp. 1003, (E.D.Pa.1980) (plaintiff's failure to file timely claim rendered moot consideration of their motion to amend), *Beascoechea v. Sverdrup Parcel & Associates, Inc., supra* (disallowing amendment of complaint for plaintiff-mother to add claims of son for wrongful death where state law required action to be brought only by personal representative of the decedent) and *Lang v. Windsor Mount Joy Mutual Insurance Co.,* 487 F.Supp. 1303 (E.D.Pa.1980) (amendment denied where deletion of unincorporated association from the suit subjected complaint to dismissal for failure to join indispensable parties).

**18.** *See Stafford v. Roadway Transit Co.,* 165 F.2d 920 (3d Cir. 1948), *McCormick Coal Co. v. Schubert,* 379 Pa. 309, 108 A.2d 723 (1954), *Shenandoah Borough v. Philadelphia,* 367 Pa. 180, 79 A.2d 433 (1951), *Mays v. United Natural Gas Co.,* 268 Pa. 325, 112 A. 22 (1920). Unlike the court in *Marson v. Jones & Laughlin Steel Corp.,* 87 F.R.D. 151 (E.D.Wis.1980), which inveighed against inordinately long briefs for a simple motion to amend, in the case at bar unfortunately short briefs accompanied a more complicated motion to amend.

**19.** *Martin v. Pittsburgh Railway,* 227 Pa. 18, 20, 75 A. 837 (1910).

**20.** *Morthimer v. Searles,* 73 Pa.D. & C.2d 396 (1975).

**21.** *See Roesberg v. Johns-Manville Co.,* 85 F.R.D. at 294–95.

**22.** *See* n.7.

and companionship", a matter which she pleaded in the original complaint.[23]

■ Pennsylvania law specifically allows a plaintiff to specify the details of broad allegations in a complaint[24] and to elaborate upon the basis of her claims.[25] This is, plaintiff may "add to or amplify the original statement"[26] and "[i]f [she] adheres to the original cause of action [she] may add a count substantially different from a declaration".[27] In the case at bar, plaintiff's proposed amendment fits within the ambit of these rules. Having alleged injury in the complaint, she may amplify her statement by amendment; the "negligent acts which occasioned the injury" of both her and her husband were the same conduct. Finally, to declare "unequivocally that a complaint can never be amended to state a new cause of action after the statute of limitations has run" would be misleading and incorrect.[28] Plaintiff may be able to show that defendant waived the defense of the statute; defendant can always plead the statute as a defense.[29] Thus, even if plaintiff had stated a new cause of action in her proposed amendment, defendants can avail themselves of the limitations defense.[30]

■ Several other cogent reasons compel this conclusion. First, allowing amendment comports with the plain meaning of Rule 15.[31] Second, in *Hanna v. Plumer*,[32] the Supreme Court, referring to the doctrine of *Erie v. Tompkins*,[33] stated that

[t]he *Erie* rule has never been invoked to void a Federal Rule. It is true that there have been cases where this Court has held applicable a state rule in the fact of an argument that the situation was governed by one of the Federal Rules. But the holding of each such case was not that *Erie* commanded displacement of a Federal Rule by an inconsistent state rule, but rather that the scope of the Federal Rule was not as broad as the losing party urged, and therefore, there being no Federal Rule which covered the point in dispute, *Erie* commanded the enforcement of state law.

When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses

23. *See* n.5

24. *Mussolino v. Coxe Brothers' Co.*, 357 Pa. 10, 53 A.2d 93 (1947).

25. *Montgomery v. Keystone Mutual Casualty Co.*, 357 Pa. 223, 53 A.2d 539 (1947).

26. *Martin v. Pittsburgh Railway*, 227 Pa. at 20, 75 A. 837.

27. *Knapp v. Hartung*, 73 Pa. 290, 294 (1873). *Cf. Stoner v. Erisman*, 206 Pa. 600, 56 A. 77 (1903), in which plaintiff alleged originally that defendant called her a "damned bitch". Following expiration of the statute of limitations plaintiff asked to amend the complaint to add the words "whore and". The court, relying on the authority of numerous lexicographers, concluded that the word "bitch" could be understood to impute the same opprobrium as "whore". Therefore, the court found error in the trial court's refusal to allow the amendment as introducing a new cause of action. The court further held that "if the amendment is merely a restatement of substantially the same

cause of action, though in a different form the variance in form will not prevent the amendment". *Id.* at 601, 56 A. 77.

28. H. Goodrich, *Standard Pennsylvania Practice* § 3310.41.

29. *Sykes v. Southeastern Pennsylvania Transportation Authority*, 225 Pa. Super. 63, 310 A.2d 277 (1973).

30. *See* H. Goodrich, *Standard Pennsylvania Practice, supra*. Thus, even if state law should be applied, amendment of the complaint would still be proper.

31. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 748, 100 S.Ct. 1978, 1984, 64 L.Ed.2d 659 (1980).

32. 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

33. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

neither the terms of the Enabling Act nor constitutional restrictions.[34]

■ Third, policies underlying the *Erie* progeny support application of federal law, a choice which cannot be made by reference to any "automatic, litmus paper criterion".[35] *Erie* aimed at discouraging forum shopping, enhancing uniform administration of state law and properly respecting the principles of federalism and the allocation of lawmaking authority between the state and federal governments.[36] In the case at bar plaintiffs filed their diversity suit in federal court within the period prescribed by Pennsylvania law. Defendants do not suggest, and the record provides no support therefor, that plaintiffs chose to sue in federal court in order to avoid the state statute of limitations.

Moreover, characterization of the amendment as a new proceeding or cause of action fails to respond to the reality of the situation and merely begs the question. To deny amendment defeats unjustly the plaintiff's opportunity to prove her case and undermines the federal policy expressed in Rule 15.[37] In *Loudenslager v. Teeple*,[38] plaintiff brought a personal injury action against an individual who, unknown to plaintiff, had been dead for several years. The district court denied plaintiff's motion to amend the complaint to include the decedent's administrator. The Court of Appeals, reversing, held that the construction and application of Rule 15 constituted a question of federal law. Even though the statute of limitations had run and Pennsylvania law considered a suit against decedents a nullity,

the court allowed plaintiff's amendment to relate back to the date of filing.[39] In the case at bar plaintiff's "new" claims arose out of the same conduct and transactions involved in her husband's. As the Court of Appeals noted in *Loudenslager*,[40] defendants had notice of this action. Plaintiff's original pleading gave fair notice of the general fact situation out of which her claims arose. Defendants will not be cheated of the protection which the Commonwealth of Pennsylvania provided in state statutes of limitations. The aegis thereof does not include maximization of plaintiff's pleading errors and omissions. The question properly may be considered one of federal practice and policy under Rule 15 and state law does not control.[41]

Importantly, the present controversy is unlike one where a plaintiff seeks to *initiate* in federal court an action otherwise barred by the state statute of limitations and attempts to rely upon a Federal Rule to circumvent that obstacle. For example, in *Ragan v. Merchants Transfer & Warehouse Co.*,[42] plaintiff filed a complaint, predicated on diversity of citizenship, in federal court pursuant to Fed.R.Civ.P. 3. Defendant moved for summary judgment on the ground that the applicable Kansas statute of limitations barred the action since plaintiff had not filed *and* served the complaint within the prescribed time period required by Kansas law. In other words, the Kansas statute required filing *and* service to toll the limitations period. The Supreme Court, affirming the Court of Appeals, held that

**34.** 380 U.S. at 470–71, 85 S.Ct. at 1143–44.

**35.** *Hanna v. Plumer*, 380 U.S. at 467, 85 S.Ct. at 1141.

**36.** *Walker v. Armco Steel Corp., supra, Erie v. Tompkins, supra, Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160 (3d Cir. 1976). *Cf. Pennsylvania National Bank & Trust Co. v. American Home Assurance Co.*, 87 F.R.D. 152, 155 n.2 (E.D.Pa.1980).

**37.** *See* text accompanying no. 3 and 8. *Cf. Sun Sales Corp. v. Blockland, Inc.*, 456 F.2d 857, 863 (3d Cir.1972), *quoting Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 66 (4th Cir. 1965) ("the conflict here between federal and state

policies, if in fact one exists, is to be resolved in favor of the federal interest in providing a convenient forum for the adjudication of the plaintiffs' action").

**38.** 466 F.2d 249 (3d Cir. 1972). *See also Britt v. Arvanitis*, 590 F.2d 57 (3d Cir. 1978).

**39.** 466 F.2d at 251. *See also* Fed.R.Civ.P. 15(c).

**40.** 466 F.2d at 250.

**41.** *Loudenslager v. Teeple, supra.*

**42.** 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

68

"the requirement of service of summons within the statutory period was an integral part of that state's statute of limitations".[43] The court rejected the notion that Federal Rule 3 controlled and refused to resurrect a cause of action barred by state law.[44] More recently, in *Walker v. Armco Steel Corp.*,[45] an Oklahoma statute also required filing and service of process to toll the statute of limitations. Again, the diversity action would have been barred in state court. The Supreme Court again held that the state statute, unlike Federal Rule 3, reflected a state substantive decision that service of process formed an "integral" part of the policies promoted by the statute of limitations.[46] Finding no direct conflict between the federal rule and state law, the court warned that the fortuity of diverse citizenship among the parties should not enlarge the substantive rights of the plaintiff.[47] In contrast, plaintiffs in the case at bar indisputably instituted suit well within the period prescribed by state law. Plaintiff seeks only to add and amplify claims relating to ones timely filed and affording defendants fair notice of the action. Plaintiff's motion to amend the complaint will be granted.

**43.** *Id.* at 532, 69 S.Ct. at 1234.

**44.** *Id.* at 533–34, 69 S.Ct. at 1234–35.

**45.** *See* n.36. *Cf. Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (Erie doctrine applies to suits in equity as well as law; federal court could not recognize bill in equity barred by a state statute of limitations).

**46.** 446 U.S. at 748, 100 S.Ct. at 1984.

**47.** 446 U.S. at 752–753, 100 S.Ct. at 1986.