**Richard FLEMING**

v.

**MACK TRUCKS, INC.**

**Civ. A. No. 80–1914.**

United States District Court,
E. D. Pennsylvania.

Feb. 25, 1981.

James C. Lanshe, Jr., Allentown, Pa., for plaintiff.

Wilbur C. Creveling, Jr., Allentown, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

Termination of plaintiff's employment with defendant precipitated this lawsuit which included allegations of breach of contract as well as employment discrimination. The Court entered summary judgment for defendant upon finding that plaintiff had failed to identify any state action invoking the palladia of the Fourteenth Amendment, any racial discrimination proscribed by the Civil Rights Act of 1866, 42 U.S.C. § 1981, or any infraction of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. *See Fleming v. Mack Trucks*, 505 F.Supp. 169 (E.D.Pa. 1981). Plaintiff, now moving for reconsideration, argues that defendant's termination of his employment violated the express terms of a written contract which the parties executed. Accusing his former employer of retaliating against him for disclosing misappropriation of funds by certain individuals, plaintiff concludes that a general issue of material fact—the "real" reason for the termination of his employment—precludes entry of summary judgment in defendant's favor.

Plaintiff's motion must be denied for four reasons. First, plaintiff failed to move for reconsideration within the period prescribed by the court's rules, which provide in pertinent part that "[m]otions for reconsideration ... shall be served within ten (10) days after the entry of judgment ..." E.D.Pa.R.Civ.P. 20(g). Plaintiff served his motion for reconsideration upon defendant on January 30, 1981, fifteen days after entry of judgment. *See* Fed.R.Civ.P. 5(b) ("[s]ervice by mail is complete upon mailing"). Plaintiff has offered no reason

for his failure to comply therewith. Lack of familiarity with the rules of court will not suffice. *Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404 (3d Cir. 1980), *Belfiore v. Leanora Corp.*, No. 77–3463 (E.D.Pa. September 9, 1980), *Biesenkamp v. Atlantic Richfield Co.*, 70 F.R.D. 365 (E.D. Pa.1976). To disregard a period of limitation invites "unnecessary and possibly arbitrary and prejudicial delay". *Consorcio Constructor Impregilo v. Mack Trucks, Inc.*, 497 F.Supp. 591 (E.D.Pa.1980). Additionally,

> [t]o sanction [plaintiff's] omission would invite disregard of procedural requirements in all of the Rules ... Worse, the Rules' articulated purpose of securing the "just, speedy and inexpensive determination of every action" would be reduced to an empyrean principle with no practical meaning .... Avoiding this undesirable result and encouraging familiarity with federal procedure so that all litigants receive prompt and full consideration compels [this] conclusion.

*Bank Building & Equipment Corp. of America v. Mack Local 677 Federal Credit Union*, 87 F.R.D. 553, 555 (E.D.Pa.1980). *Cf. Central Sprinkler Supply Corp. v. Cooper Funding, Ltd.*, No. 80–1419 (E.D.Pa. November 13, 1980) ("[t]he failure of defendant's counsel to ascertain the procedure for obtaining an extension of time [under Local Rule 17] is inexcusable").

■ Second, plaintiff has not properly alleged jurisdiction predicated on diversity of citizenship. See 28 U.S.C. § 1332. Plaintiff alleged only that he *resided* in Canada; he did not indicate the state of his domicile or citizenship. Therefore, he has not eliminated the possibility of incomplete diversity. *Braucher v. Buhler Brothers, Inc.*, 505 F.Supp. 1124 (E.D.Pa.1980). Residence and domicile cannot be equated. *Everhart v. Huntsville College*, 120 U.S. 223, 7 S.Ct. 555, 30 L.Ed. 623 (1887). For diversity purposes citizenship means domicile; mere residence will not suffice. *Wolfe v. Hartford Life & Annuity Insurance Co.*, 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893). *Cf. Jagielski v. Package Machine Corp.*, 489 F.Supp. 232 (E.D.Pa.1980) and *Holman v. Carpenter*

*Technology Corp.*, 484 F.Supp. 406 (E.D.Pa. 1980) (to properly establish complete diversity of citizenship, plaintiff must allege not only a corporation's state of incorporation but also the principal place of business). *See also Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972) ("where one lives is prima facie evidence of domicile, but mere residence in a state is insufficient for purposes of diversity"). Usually the interests of justice dictate allowing plaintiffs to cure flaws in jurisdictional allegations. *Beaschochea v. Sverdrup Parcel & Associates, Inc.*, 486 F.Supp. 169 (E.D.Pa.1980), *Carey v. Beans*, 500 F.Supp. 580 (E.D.Pa.1980), *Holman v. Carpenter Technology Corp., supra. See also* Fed.R.Civ.P. 15(a). In the case at bar, even if plaintiff corrected this error, dismissal would still be required. *Roesberg v. Johns-Manville Corp.*, 89 F.R.D. 63 (E.D.Pa.1981), *Holman v. Carpenter Technology Corp., supra.* Therefore, amendment will be denied.

■ Moreover, plaintiff's claim sounds in breach of contract, traditionally a controversy resolved in state courts, which remain open to plaintiff. *See* 12 P.S. § 31 and *Davis v. United States Steel Supply Co.*, 581 F.2d 335 (3d Cir. 1978). *Cf. Curzi v. Turioscy*, 507 F.Supp. 807 (E.D.Pa.1981) (administration of decedents' estates essentially a local matter). Sitting in diversity, a federal court carefully avoids unwarranted intrusions upon its jurisdiction. *Gallo v. Yamaha Motor Corp., U.S.A.*, 488 F.Supp. 502 (E.D.Pa.1980), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D.Pa.), *aff'd*, 636 F.2d 1209 (3d Cir. 1980). Conversely, a presumption exists against diversity jurisdiction out of "due regard for the 'rightful independence' of state governments", which requires federal courts to confine their own jurisdiction to the precise limits established by Congress and the Constitution. *Mazur v. Commonwealth of Pennsylvania*, 507 F.Supp. 3, at 4 (E.D.Pa. 1980), quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383 (1971). *See also Lang v. Windsor Mount Joy Mutual Insurance Co.*, 493 F.Supp. 97 (E.D.Pa.1980). Absent a "firm

bedrock of jurisdiction", federal courts lack the power to reach the merits of a diversity lawsuit. *Carlsburg Resources Corp. v. Cambria Savings & Loan Association*, 554 F.2d 1254, 1256 (3d Cir. 1977), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 636 F.2d 1209 (E.D.Pa.1981).

Finally, plaintiff has failed to state a cause of action for breach of the alleged employment contract, which appears to be nothing more than a covenant not to compete. The document makes no reference to salary or any other term or condition of employment. In fact, defendant never signed this "contract", which does not even provide space for defendant's assent thereto. By signing this document plaintiff agreed not to "divulge to anyone other than [defendant] ... information or knowledge relating to the business of [defendant]" and to assign all his rights and interests in any inventions or discoveries which he might make during the course of his employment. Significantly, plaintiff did not allege in the complaint that the parties had a supplemental oral agreement or that this "contract" did not reflect the entire understanding of the parties. *Cf. Skrocki v. Caltabiano*, 505 F.Supp. 916 (E.D.Pa.1981) (plaintiff alleged that he and defendant agreed orally to the tenure of his employment). Absent a specific provision governing tenure, either party could terminate the relationship at will. *Cummings v. Kelling Nut Co.*, 368 Pa. 448, 84 A.2d 323 (1951). In an affidavit submitted with his motion for reconsideration plaintiff refuted the allegations of his own complaint by averring that he had an oral agreement of employment. Plaintiff cannot contradict the allegations of his own complaint in this way, particularly since he filed the motion and affidavit late. Moreover, even if the parties orally or implicitly agreed to tenure, in plaintiff's employment "as long as" he performed satisfactorily, as plaintiff averred in his affidavit, this language did not provide "any specific guidelines for determining the duration of the contract [and thus was] too ambiguous ... and ... insufficient to overcome the presumption that the contract was terminable at will". *Geib v. Alan Wood Steel Co.*, 419 F.Supp. 1205, 1208 (E.D.Pa.1976).

Pennsylvania law allows termination of employment "at any time, for any reason or for no reason" as long as a contract or statute does not provide otherwise. *Beidler v. W. R. Grace, Inc.*, 461 F.Supp. 1013, 1014 (E.D.Pa.1978). *See also Skrocki v. Caltabiano, supra, Ruppert v. Lehigh County*, 496 F.Supp. 954 (E.D.Pa.1980), *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974), *Henry v. Pittsburgh & Lake Erie Railroad Co.*, 139 Pa. 289, 21 A. 157 (1891), *Hoffman v. Montour Co.*, Pa.Cmwlth., 411 A.2d 1319 (1980). The burden rests upon plaintiff to dispel this presumption by showing facts and circumstances establishing tenure. *Jackman v. Military Publications, Inc.*, 350 F.2d 383 (3d Cir. 1965). Plaintiff has not alleged any facts demonstrating a guaranteed term of employment or implying one. Therefore, even viewing the pleadings in a light most favorable to plaintiff, *Ritter v. Western Electric Co.*, 504 F.Supp. 886 (E.D.Pa.1980), and accepting as true the allegations in the complaint, *Arment v. Commonwealth National Bank*, 505 F.Supp. 911 (E.D.Pa.1981), plaintiff has failed to state a claim upon which relief can be granted. *See* Fed.R. Civ.P. 12(b)(6).

Accordingly, the Court's prior order directing summary judgment as to Count Two in favor of defendant will not be disturbed since defendant deserved judgment as a matter of law. *Kohr v. Johns-Manville Corp.*, 87 F.R.D. 750 (E.D.Pa.1981), *Hollinger v. Wagner Mining Equipment Co.*, 505 F.Supp. 894 (E.D.Pa.1981). Plaintiff's motion for reconsideration will be denied.