Michael C. KASKO

v.

AMERICAN GAGE & MACHINE COMPANY, Katsuyama Kikai, Ltd. and Oshioya Industries, Ltd.

Civ. A. No. 80–4376.

United States District Court,
E. D. Pennsylvania.

April 29, 1981.

Marvin I. Barish, Philadelphia, Pa., for plaintiff.

Joseph P. Green, Philadelphia, Pa., for American Gage.

Richard A. Kraemer, Philadelphia, Pa., for Katsuyama and Oshioya.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

An alleged defect in a chain hoist caused injuries to plaintiff, who instituted this action against the manufacturer, distributor and importer. To obtain the proper address for the importer, plaintiff consulted Standard & Poor's Register of Corporations and located the name of American Gage & *Machine* Company, which he mistakenly believed to be the importer, named American Gage & *Manufacturing* Company. Plaintiff now moves to amend the complaint to correct the misnomer. The *Manufacturing* company argues that Pennsylvania law prohibits amendment following expiration of the statute of limitations.

■ Fed.R.Civ.P. 15(a) permits amendment of the complaint "freely" where the interests of justice so require, *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), and defendant will not be unfairly prejudiced. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). *See also* 28 U.S.C. § 1653 and *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa. 1980). Federal law governs the question. *Roesberg v. Johns-Manville Corp.*, 89 F.R.D. 63 (E.D.Pa.1981).

■ In the case at bar the *Manufacturing* company knew within the statutory period not only of this accident from other litigation, but also that, but for the not unreasonable mistaken identity of the proper party, the action would have been brought against it. Plaintiff also effected service promptly after learning of the error. Finally, counsel for the *Manufacturing* company also represents both of the other defendants as well as the importer. Requiring the *Manufacturing* company to defend the merits of another claim arising out of the same incident cannot be considered onerous; the company could have foreseen an obligation to defend this same conduct at a later date against the present plaintiff.

Therefore, the *Manufacturing* company will not be unfairly prejudiced and the interests of justice will be enhanced by allowing amendment, which shall relate back to the filing of the complaint, Fed.R.Civ.P. 15(c), for the "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive of the outcome". *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Pleadings should facilitate, not impede, a fair and proper disposition *on the merits. Holman v. Carpenter Technology Corp., supra.* Plaintiff's motion to amend will be granted. *See Maute v. Roth,* 90 F.R.D. 174 (E.D.Pa.1981); *Skrocki v. Caltabiano,* 505 F.Supp. 916 (E.D.Pa.1981), and cases cited in *Roesberg v. Johns-Manville Corp.,* 89 F.R.D. at 68–69 nn. 1–17.