**TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY and Charles J. Schaffer, Jr., Trustee Ad Litem**

v.

**CBS RECORDS, A DIV. OF CBS, INC.**

**Civ. A. No. 83-0576.**

United States District Court, E.D. Pennsylvania.

Aug. 24, 1984.

Thomas W. Jennings, Philadelphia, Pa., for plaintiffs.

Ronald Edward Richman, New York City, for defendant.

1. Plaintiffs served the instant Complaint on CBS on or about February 22, 1983. CBS filed an Answer on March 14, 1983 and an Amended

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Defendant, CBS Records, a Division of CBS, Inc. ("CBS"), requests leave of the Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to add an affirmative defense to its Amended Answer.[1] The additional defense is that Plaintiffs' claim against CBS for delinquent contributions allegedly owed the Teamster Pension Trust Fund of Philadelphia and Vicinity ("Fund") for the period prior to December 16, 1978 is time barred.

## FACTS

Plaintiff Fund is a pension fund established and maintained pursuant to the provisions of section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). The Fund is also a "multiemployer plan" and an "employee benefit plan" within the meaning of sections 2(37), (1) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as *amended*, 29 U.S.C. § 1002(37), (1) and (3). CBS is an "employer" in an industry affecting commerce within the meaning of sections (2) and (7) of the National Labor Relations Act of 1947, *as amended*, 29 U.S.C. § 152(2) and (7).

CBS and Teamsters Local Union No. 676, affiliated with the International Brotherhood of Teamsters ("Local 676" or the "Union"), were parties to a collective bargaining agreement. Plaintiffs assert that, pursuant to Article 54 of the collective bargaining agreement, CBS was obligated to contribute to the Fund for the period April, 1978 to March, 1981. CBS did not contribute to the Fund from April, 1978 through September, 1978, thus plaintiffs assert that CBS owes the Fund approximately $420,-000 in delinquent contributions for that period. Plaintiffs also assert that CBS did not contribute to the Fund the entire

Answer, as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, on April 1, 1983.

amount due the Fund for the period October, 1978 to March, 1981 and thus owes the Fund an additional $640,281.

On December 15, 1981 the parties agreed to toll the statute of limitations as of that date.

DISCUSSION

■ Leave of the court to amend a pleading should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). Courts generously allow amendments because the purpose of pleading is to facilitate a proper decision on the merits. *Roesberg v. Johns-Manville Corp., et al.*, 89 F.R.D. 63, 64 (E.D.Pa.1981); *United States v. Hougham*, 364 U.S. 310, 317, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960); *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); 3 J. Moore, *Moore's Federal Practice*, ¶ 15.08[2] (2d ed. 1984).

The United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), set forth guidelines for district courts to determine whether to permit a party to file an amended pleading.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be "freely given."

371 U.S. at 182, 83 S.Ct. at 230.

■ Having considered the arguments of both parties, the Court concludes that defendants will be permitted to amend their Amended Answer. This conclusion rests on three primary considerations.

■ First, defendant's effort to amend is the result of a clarification in the law relative to the proper statute of limitations to apply to claims such as those presented in the instant case. The United States Court of Appeals for the Third Circuit only recently (April 12, 1984) held that the proper statute of limitations period for the collection of delinquent contributions by a trust fund against an employer in Pennsylvania is the three year period set forth in the Pennsylvania Wage Payment and Collection Law, 43 Pa.S.A. § 260.9a(g) rather than the six year statute governing actions on written contracts. 42 Pa.C.S.A. § 5527(2) (Purdon, 1981). *Teamsters Pension Trust Fund of Philadelphia and vicinity and Teamster Health and Welfare Trust Fund of Philadelphia and vicinity and Schaffer, Jr. v. John Tinney Delivery Service, Inc., a/k/a John Tinney Delivery Service and Tinney*, 732 F.2d 319 at 322 (3rd Cir.1984). Leave to amend pleadings should be granted liberally when the law governing a point that is the subject matter of the proposed amendment is revised during the pendency of the litigation. *Strachan v. Ashe*, 548 F.Supp. 1193, 1204-5 (D.C.Mass.1982).

Secondly, plaintiffs will not be prejudiced by CBS' proposed amendment. The facts underlying CBS' proposed affirmative defense are subsumed within the facts relevant to CBS' affirmative defense that plaintiffs' claim is barred by the doctrines of laches, estoppel, and waiver. Such affirmative defense is contained in both CBS' Answer and Amended Answer. Thus, plaintiffs are familiar with the facts underlying CBS' proposed amendment. Further, the parties have engaged in only limited discovery. None of the parties have taken or scheduled any depositions, Richman Aff. ¶ 7, nor have any motions apart from the present motion to amend, been filed with the Court.

Finally, the legal dispute between the parties as to whether the New Jersey or Pennsylvania statute of limitations applies is more appropriately treated in a context other than a motion to amend.

Accordingly, defendant's motion for leave to amend the Amended Complaint will be granted.