**Antonio GUGLIELMO, Administrator of the Estate of Salvatore Guglielmo, also known as Sam Guglielmo, Deceased, Plaintiff,**

v.

**SCOTTI & SONS, INC., a corporation, Robert H. Hammel and Esther M. Hammel, his wife, Malcolm W. Moore, J. J. Schano Company, a corporation, Samuel Marini, and West Penn Power Company, a corporation, Defendants.**

Civ. A. No. 69–585.

United States District Court, W. D. Pennsylvania.
April 14, 1970.

Watzman & Watzman, Pittsburgh, Pa., for plaintiff.

Henry E. Rea, Jr., Brandt, Riester, Brandt & Malone, Pittsburgh, Pa., for Scotti & Sons, Inc.

Stein & Winters, Pittsburgh, Pa., for Robert H. Hammel and Esther M. Hammel.

W. Arch Irvin, Jr., Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for Malcolm W. Moore.

Rosenberg & Kirshner, Pittsburgh, Pa., for J. J. Schano Co.

Edward G. David, Bridgeville, Pa., for Samuel Marini.

Weis & Weis, Pittsburgh, Pa., for West Penn Power Co.

## OPINION

GOURLEY, Senior District Judge:

In this civil action based upon negligence, four of the defendants have challenged the existence of requisite diversity jurisdiction in the Court. The matter has been raised in the Answers of defendants Malcolm W. Moore and J. J. Schano Company and in a joint Motion to Dismiss filed by defendants Robert and Esther Hammel. While defendants concede that the West Virginia citizenship of plaintiff-administrator is diverse from the Pennsylvania citizenship of each of the defendants, it is contended that the appointment of plaintiff as administrator of decedent's estate was for the purpose of "manufacturing" diversity of citizenship and therefore fails to establish requisite diversity under the recent decision of the Court of Appeals for the Third Judicial Circuit in McSparran, Guardian, et al. v. Weist et al., 402 F.2d 867 (1968).

The arguments of counsel were entertained on August 21, 1969 and a further evidentiary hearing was conducted on November 19, 1969. On the basis of the aforementioned arguments, evidentiary hearing and briefs submitted, the Court makes the following findings of fact and conclusions of law.

Decedent, aged 31, was electrocuted on May 18, 1968 and was survived by his wife, Mary, aged 39 and four children, aged 7, 6, 5, and 4 years, all of whom were residents of Pennsylvania. Decedent's only other immediate survivor was his father, a resident of Weirton, Hancock County, West Virginia, who has been appointed administrator and is the plaintiff in this action.

Appointment of plaintiff as administrator was made on July 11, 1968; the decision in McSparran v. Weist, *supra*, was rendered on October 21, 1968; and this suit for recovery under the Wrongful Death and Survival Statutes of the Commonwealth of Pennsylvania was instituted on May 12, 1969. The statute of limitations upon the wrongful death action expired on May 15, 1969, but the statute of limitations upon the survival action does not run until May 15, 1970.

Under the *McSparran* decision, *supra*, there are two questions to be resolved— (1) whether the out-of-state administrator was appointed solely for the purpose

of creating diversity of citizenship and (2) whether, assuming diversity to have been "manufactured", a dismissal of this action, the cause for which arose prior to the *McSparran* decision, would impose an unreasonable burden upon the plaintiff.

Turning my attention to the first and foremost question, I conclude from the record that the appointment of decedent's father as administrator, without doubt, was for purposes other than to create diversity of citizenship. There is no question that decedent's widow was highly distraught upon her husband's death, her hospitalization being needed shortly thereafter. Nor did this distress pass easily, for decedent's widow exhibited this continuing emotional distress upon the stand at the evidentiary hearing.

Decedent's widow was requested by attorneys Watzman and Watzman to act as administratrix of the estate of her late husband for the purpose of the filing of a lawsuit, but she replied to them that she would not so act because anything concerning her late husband upset her. This refusal on the part of decedent's widow, considered together with the evidence of her considerable and continuing distress, is a clear indication that the appointment of one other than her as a personal representative was sought with no dominant purpose of creating diversity of citizenship.

Both the decedent and decedent's widow were very close to decedent's father, having lived with him during four to five years of married life and having visited him regularly thereafter. Decedent had no relative in Pennsylvania or outside of Pennsylvania who could serve as administrator in place of decedent's wife, other than decedent's father. It is clear that he was chosen as administrator because of the warm and close relationship which he had with decedent's immediate family and because of the understanding and emotional support which he could bring to the survivors of the immediate family during difficult times.

 While of lesser education than his daughter-in-law, decedent's father was chosen as administrator for the strength which he could bring to the family. Had other motives existed, defendants' cross examination of this man would surely have elicited them. It did not. I therefore conclude that the appointment of decedent's father as administrator was for a dominant if not, in fact, sole purpose *other than* to create diversity of citizenship.

I also find that to dismiss this action would create an unreasonable burden upon plaintiff. The wrongful death statute of limitations has run. Also, discovery has progressed in this Court. For both reasons, to require the representative of this estate to file suit anew in a different jurisdiction would act to the substantial prejudice of plaintiff and constitute an unreasonable burden upon him.

### ORDER

Now, this 11th day of April, 1970, it is hereby ordered that the Motion to Dismiss filed by defendants Robert H. Hammel and Esther M. Hammel be and the same is hereby denied.