**D. Scott CURZI, Administrator of Estate of Pedro Rodriguez, Deceased**

v.

**Joseph TURIOSCY.**

**Civ. A. No. 80–3788.**

United States District Court, E. D. Pennsylvania.

Feb. 10, 1981.

---

Martin Cohen, Easton, Pa., for plaintiff.

Thomas C. Sadler, Jr., Allentown, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

 Whether the administrator of a decedent's estate has been appointed solely to manufacture diversity of citizenship and therefore federal jurisdiction requires reference to the identity of the administrator and his relationship to the party he represents, the scope of his powers and duties and his expertise in the administration of decedents' estates. The Court should also consider the existence of a non-diverse party who ordinarily would be expected to act in this capacity, the reasons for selection of the administrator in question, and the essential nature of the lawsuit. *Groh v. Brooks*, 421 F.2d 589 (3d Cir. 1970). *See also Swick v. Benscoter*, 462 F.Supp. 24 (E.D.Pa.1978). Committed to its sound discretion, *Lawson v. Morgan*, 352 F.Supp. 282 (E.D.Pa.1973), this question of fact must be resolved by the Court, *McSparran v. Weist*, 402 F.2d 867 (3d Cir. 1968), *cert. denied sub nom. Fritzinger v. Wiest*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), which should consider all the above factors, although no one alone is dispositive. *Lawson v. Morgan, supra.* Ultimately, the determination must be made according to the facts of the particular case. *Joyce v. Siegel*, 429 F.2d 128 (3d Cir. 1978). Plaintiff has the burden of showing federal jurisdiction, *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939), and a presumption *against* diversity jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). *See Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa. 1980). Where exercise of diversity jurisdiction may infringe upon the authority of state courts, such as probate proceedings, federal courts should be especially careful to determine that plaintiff has properly invoked federal jurisdiction. *Lawson v. Morgan, supra.* *See* 28 U.S.C. § 1359.

 In the case at bar plaintiff has failed to meet his burden of proof. He has shown

no familial or prior business relationship with decedent's widow. He has failed to demonstrate that he has exercised the powers and duties of his office or that he has any special experience or capacity to handle the administration of decedents' estates. His profession as an attorney does not automatically qualify him as an expert in this field. He has explained, however, that the Register of Wills of Northampton County originally appointed as administratrix of decedent's estate the widow, who later renounced because of her legal minority and inability to speak, read or write in the English language. However, plaintiff has not explained why he, not a relative or close friend, was selected. Moreover, the only asset of the estate appears to be this wrongful death action. The decedent and his wife lived in Pennsylvania, where the fatal accident occurred. Hence, the dispute is essentially local.

In *Renner v. Vitcov*, 339 F.Supp. 1020 (E.D.Pa.1972), the administrator enjoyed a business but no familial relationship with the deceased plaintiffs. He could not explain the failure to select the decedents' father as administrator or show his superior ability in estate administration. Upon considering this information and the essentially local nature of the suit, the court concluded that plaintiff had manufactured diversity. Similarly, in *Butler v. Colfelt*, 313 F.Supp. 527 (E.D.Pa.1970), *aff'd*, 439 F.2d 882 (3d Cir. 1971), the court found appointment of an out-of-state guardian as a subterfuge to create federal jurisdiction where the guardian, the minor's aunt, lacked experience in business matters and had no special interest in the child. The court further determined that absent the appointment of the guardian the case was wholly local in nature.

In contrast, in *Lawson v. Morgan, supra*, the court ascertained that the administrator not only had experience in business generally, but also in the business affairs of the decedent specifically. In fact, the administrator and the deceased had been close, personal friends for years. In *Guglielmo v. Scotti & Sons, Inc.*, 311 F.Supp. 722 (W.D. Pa.1970), the administrator, the decedent's father, had a close relationship to the family of his son, whose widow's emotional health demonstrably could not withstand the rigors of probating the estate. The decedent had no other relative within the state to act in this capacity. Under these two circumstances the court concluded that the appointment of the administrators was not for the purpose of manufacturing diversity of citizenship.

In the case at bar plaintiff, the administrator, has not articulated convincing reasons for his appointment sufficient to refute the allegation of artificial diversity. Considering this failure of proof, the wholly local nature of the controversy, and the pendency of an identical action in a state forum, the Court will grant defendant's motion to dismiss.