COMMONWEALTH LAND TITLE
INSURANCE CO.

v.

BERKS TITLE INSURANCE CO. et al.

Civ. A. No. 76–228.

United States District Court,
E. D. Pennsylvania.

Feb. 25, 1981.

Franklin Poul, Wolf, Block, Schorr & Sol-is-Cohen, Reading, Pa., for plaintiff.

Joseph F. Roda, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Five years ago plaintiff, one of the largest title insurance companies in the United States, filed this action in the Court of Common Pleas of Philadelphia County against twenty-six of its competitors in Pennsylvania and alleged claims under the Pennsylvania Title Insurance Code, 40 P.S. § 910–1 *et seq.*, the Pennsylvania Unfair Insurance Practices Act, 40 P.S. § 1171.1 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (RESPA), and the common law of unfair competition. Defendants removed the matter to this Court on the basis of the RESPA claim. In 1976 the Court dismissed the plaintiff's claims under the Pennsylvania Title Insurance Code and the Pennsylvania Unfair Insurance Practices Act for lack of subject matter jurisdiction. To allow plaintiff to initiate proceedings with the Pennsylvania Insurance Department, the Court placed the action on the civil suspense docket, where it

remained dormant for four years. Then several defendants filed motions to dismiss the remaining claims. Plaintiff, candidly admitting that the complaint did not assert expressly or impliedly a cause of action under RESPA, responded with a motion to remand, which the Court granted since no other basis of federal jurisdiction affirmatively appeared.

 Now moving for reconsideration, several defendants argue that, notwithstanding plaintiff's disavowal of any intent to state a cause of action under RESPA, the Court should contrive one and then dismiss it. Mere statement of the proposition provides its own refutation. If the Court lacks jurisdiction, it must remand the matter to state court. *Fleming v. Mack Trucks*, 508 F.Supp. 917 (E.D.Pa. 1981), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 507 F.Supp. 967 (E.D.Pa. 1981). By discerning a federal cause of action where plaintiff has denied one, defendant cannot create federal jurisdiction. *Kramer v. Carribbean Mills, Inc.*, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D.Pa.), aff'd, 636 F.2d 1209 (3d Cir. 1980).

 Alternatively, defendants contend that several antitrust counterclaims provide a basis for federal jurisdiction. Unfortunately, defendants failed to mention or argue this point previously. True, the Court has a duty to monitor the adequacy of federal jurisdiction, *Mount Healthy Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), *ACandS, Inc. v. Aetna Casualty & Surety Co.*, 500 F.Supp. 511 (E.D.Pa.1980), *Carey v. Beans*, 500 F.Supp. 580 (E.D.Pa.1980), but litigants have a duty "to make clear the basis of jurisdiction over the action", *Grise v. Combs*, 183 F.Supp. 705, 707 (E.D.Ky.1960), and to adduce the relevant facts needed for decision. *Corsette v. Johns-Manville Corp.*, No. 78–3070 (E.D.Pa. January 27, 1981). In any event, defendants cannot predicate federal jurisdiction on the basis of a counterclaim. Defendants rely exclusively upon *Kline v. Murray*, 7 F.2d 404 (D.Mont.1925),

which, admittedly, held that a counterclaim can confer jurisdiction. Undoubtedly, however, the court misapprehended the import of *Merchant Heat & Light Co. v. James B. Clow & Sons*, 204 U.S. 290, 27 S.Ct. 285, 51 L.Ed. 488 (1870), which concluded that the defendant's counterclaim rendered it amenable to the court's *in personam* jurisdiction. The defendant sacrificed no rights by pleading to the merits, the court reasoned, but, by filing the counterclaim, he assumed the position of a plaintiff and therefore could be deemed to have consented to the court's exercise of personal jurisdiction over him. 204 U.S. at 289–90. In the case at bar, defendants seek to apply this reasoning to *subject matter* jurisdiction.

 The Court of Appeals repudiated such a notion more than a half century ago in *Home Life Insurance Co. v. Sipp*, 11 F.2d 474, 476 (3d Cir. 1926), where the court remarked:

Here we are concerned with the act of a party filing a counterclaim in a case where, because not within the statute, the court did not have jurisdiction of the subject matter. A party may appear and plead and thereby cure a defective service, but it can not by filing a counterclaim give jurisdiction to a court when a statute denies its jurisdiction. In other words, a defendant's consent to the court's jurisdiction ... can not confer jurisdiction,—it is conferred by statute alone; ...

True, Fed.R.Civ.P. 12(b) altered the rule of *Merchants Heat & Light Co.*, see *Neifeld v. Steinberg*, 438 F.2d 423 (3d Cir. 1971), but neither this rule nor any other can expand the jurisdiction of federal courts to circumstances not authorized by Congress or the Constitution. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, supra, *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.1980), Fed.R. Civ.P. 82. To conclude that the Court could adjudicate a counterclaim without a viable federal cause of action within the complaint would contradict the principle that federal

courts lack power to resolve controversies without "a firm bedrock of jurisdiction", *Carlsberg Resources Corp. v. Cambria Savings & Loan Association*, 554 F.2d 1254, 1256 (3d Cir. 1977), *Fleming v. Mack Trucks, Inc., supra*, and would allow the parties to waive lack of subject matter jurisdiction by consent. *See Jackson v. Ashton*, 33 U.S. (8 Pet.) 148, 8 L.Ed. 898 (1834). Finally, the Court's determination that federal jurisdiction does not exist and that the action must be remanded precludes further litigation of the issue of which forum the parties will litigate the removed case. *Missouri Pacific Railway v. Fitzgerald*, 160 U.S. 556, 583, 16 S.Ct. 389, 396, 40 L.Ed. 536 (1896). Accordingly, defendants' motion for reconsideration will be denied.