**Theodore LANG, Jr.**

v.

**WINDSOR MOUNT JOY MUTUAL INSURANCE CO. et al.**

**Civ. A. No. 80–983.**

United States District Court,
E. D. Pennsylvania.

Feb. 25, 1981.

Dante Mattioni, Reading, Pa., for plaintiff.

John W. Dry, Peter F. Cianci, Reading, Pa., for defendants.

### MEMORANDUM

TROUTMAN, District Judge.

Following dismissal of this action for lack of complete diversity of citizenship, *see Lang v. Windsor Mount Joy Mutual Insurance Co.,* 487 F.Supp. 1303 (E.D.Pa.), *aff'd,* 636 F.2d 1209 (3d Cir. 1980), plaintiff subsequently filed an identical action now pending before this Court, seeking to circumvent this defect by altering the allegation of plaintiff's domicile. *See Lang v. Windsor*

*Mount Joy Mutual Insurance Co.,* 493 F.Supp. 97 (E.D.Pa.1980). Plaintiff now seeks to transfer the original, now defunct, action to the Court of Common Pleas of Philadelphia County on the basis of 42 Pa. Const.Stat.Ann. § 5103, which provides in pertinent part that if a

> matter is taken to or brought in a [Pennsylvania] court ... which does not have jurisdiction ... the court ... shall transfer the record thereof to the proper court ... where the ... matter shall be treated as if originally filed in the transferee court ...

> [This section] shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth ... The pleadings shall have the same effect as under the practice in the United States court ...

The second part of this section affords retroactive effect to matters properly remanded from federal to state courts for purposes of statutes of limitations. The section does not, and indeed cannot, confer authority upon federal courts to transfer to state court a case over which the federal court did not have jurisdiction in the first place.

 True, in diversity actions federal courts apply the substantive law of the state wherein the court sits. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, the federal Constitution and federal statutes, not state statutes, delineate the proper and possible scope of federal jurisdiction. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), *Holman v. Carpenter Technology Corp.,* 484 F.Supp. 406 (E.D.Pa.1980). Parties to litigation can neither agree to nor create federal jurisdiction. *Kramer v. Caribbean Mills, Inc.,* 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969). *See also Curzi v. Turioscy,* 507 F.Supp. 807 (E.D.Pa.1981), *Lang v. Windsor Mount Joy Mutual Insurance Co. (I), supra,* and 28 U.S.C. § 1359. If the Court determines that it lacks jurisdiction over the subject matter of the lawsuit, the Court can only dismiss the action. *Carlsberg*

*Resources Corp. v. Cambria Savings & Loan Association,* 554 F.2d 1254 (3d Cir. 1977).

 Having determined previously that federal jurisdiction did not exist for resolution of this controversy, this Court retains no power to transfer or otherwise determine the rights of the parties thereto. Accordingly, plaintiff's petition to transfer will be denied.