Henry L. CIOTTI

v.

**AETNA CASUALTY & SURETY COMPANY.**

**Civ. A. No. 81–0731.**

United States District Court,
E. D. Pennsylvania.

April 13, 1981.

648

Kenneth E. Sands, Jr., Reading, Pa., for plaintiff.

Barbara F. Markham, Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A corporation's principal place of business as well as its state of incorporation determine its citizenship for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c) ("for the purposes of this section and § 1441 ... a corporation shall be deemed a citizen of any State by which it has been incorporated and of the state where it has its principal place of business"). *See also Fleming v. Mack Trucks, Inc.*, 508 F.Supp. 917 (E.D.Pa.1981), *Braucher v. Buhler Brothers, Inc.*, 505 F.Supp. 1124 (E.D.Pa.1980), *Jagielski v. Package Machine Corp.*, 489 F.Supp. 232 (E.D.Pa.1980), *Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406 (E.D.Pa.1980). Plaintiff admits that he is a citizen of Pennsylvania and that defendant is incorporated under the laws of the state of Connecticut, where defendant also maintains its principal place of business. Therefore, defendant, which has removed the action, has dispelled the presumption against diversity jurisdiction, *Curzi v. Turioscy*, 507 F.Supp. 807 (E.D.Pa. 1981), *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 493 F.Supp. 97 (E.D.Pa.1980), *Gallo v. Yamaha Motor Corp., U.S.A.*, 488 F.Supp. 502 (E.D.Pa.1980), and established the completeness of diversity. *Lang v. Windsor Mount Joy Mutual Insurance Co.*, 487 F.Supp. 1303 (E.D.Pa.1980), *aff'd*, 636 F.2d 1209 (3d Cir. 1981), *Holman v. Carpenter Technology Corp., supra.* Maintaining a residence, office or place of business in a particular location will not affect diversity. *Krasnov v. Dinan*, 465 F.2d 1298 (3d Cir. 1972), *Owens-Illinois Glass Co. v. American Coastal Lines, Inc.*, 222 F.Supp. 923 (S.D.N.Y.1963).

Federal rules of civil procedure apply to cases removed from state court. Fed.R.Civ.P. 81(c). *See Roesberg v. Johns-Manville Corp.*, 89 F.R.D. 63 (E.D.Pa.1981). By filing the petition for removal and bond and providing notice to all parties, defendant effected removal, 28 U.S.C. § 1446(e), and ceased the state court proceedings. *Pennsylvania National Bank & Trust Co. v. American Home Assurance Co.*, 87 F.R.D. 152 (E.D.Pa.1980). Plaintiff's objections thereto properly take the form of a motion to remand. *See* 28 U.S.C. § 1447(c) and *Commonwealth Land Title Insurance Co. v. Berks Title Insurance Co.*, 508 F.Supp. 921 (E.D.Pa.1981). Plaintiff's "objections to [defendant's] petition for removal" will be so construed and denied. *See Arment v. Commonwealth National Bank*, 505 F.Supp. 911 (E.D.Pa.1981); *Carey v. Beans*, 500 F.Supp. 580 (E.D.Pa.1980); *Ruppert v. Lehigh County*, 496 F.Supp. 954 (E.D.Pa.1980).