Mary Ellen **RING**

v.

**RIVER WALK MANOR, INC.**

Civ. No. Y–84–504.

United States District Court,
D. Maryland.

Oct. 29, 1984.

John E. Bloxom, Pocomoke City, Md., for plaintiff.

Norman R. Buchsbaum, and Melissa M. Moore, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff, Mary Ellen Ring, filed suit in the Circuit Court for Wicomico County, Maryland, alleging that she had been wrongfully discharged by the defendant, River Walk Manor, Inc., in violation of her constitutional rights of free speech and free association. Defendant removed the case to federal district court, and a motion to remand was denied because a "clear reading of the complaint indicates that the plaintiff seeks relief under appropriate federal statutes and the federal constitution." Defendant has now moved to dismiss this action, first, because the plaintiff is, in reality, alleging "unfair labor practices" prohibited by the National Labor Relations Act, §§ 8(a)(1) and 8(a)(3), and within the exclusive jurisdiction of the National Labor Relations Board, and because the plaintiff has not stated a claim for a violation of First Amendment rights because she does not allege state action.

Plaintiff has not attempted, nor does she wish, to state a claim for unfair labor practices. Plaintiff has rightly pointed out that she has not alleged that she was forming, joining, or assisting a labor organization or that River Walk fired her to interfere with any of those activities. Her only allegation is that she was wrongfully discharged for speaking with a former employee of River Walk and for refusing to talk to her supervisor about the incident without her attorney present. The former employee was apparently a Union organizer but there is nothing else to indicate that the action was Union related. In the cases cited by defendant in its motion to dismiss, the plaintiffs stated some claim based on interference with Union activities or harassment because of participation in Union activities. *See, e.g., Steckman v. Cumberland Nursing and Convalescent Center,* Civil No. HM 82–2661 (Murray, July 15, 1983), *United Credit Bureau of America, Inc. v. N.L.R.B.,* 643 F.2d 1017 (4th Cir.1981). In one case cited by the defendant to support the proposition that federal court jurisdiction was preempted by N.L.R.B. jurisdiction, *Sears, Roebuck and Co. v. Carpenters,* 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978), the Court actually held that only when the controversy presented to a state court is identical to that which could have been presented to the Labor Board does the state court's exercise of jurisdiction involve a risk of interference with the unfair labor practice jurisdiction of the Board. In *Farmer v. Carpenters,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), the Court

explained that "[o]n balance, we cannot conclude that Congress intended to oust state court jurisdiction for actions for tortious activity such as that alleged in this case [intentional infliction of emotional distress]," 430 U.S. at 304–05, 97 S.Ct. at 1065–66, especially where different elements of proof would be required and damages are requested.

Plaintiff's claim here is not identical to the claim which she could present to the N.L.R.B. Ring claims that she was wrongfully discharged in violation of her First Amendment rights. She admits that she could not prove any unfair labor violation, has no evidence of any labor-related motive in her firing, and would not be subject to the prohibitions in §§ 8(a)(1) and 8(a)(3) because she is a supervisor. She is also seeking damages for lost wages, mental pain and suffering, indignity, humiliation, embarassment and insult, which the N.L. R.B. could not award. It would be manifestly unfair to contrive an unfair labor practice claim where plaintiff has denied its existence, require her to prove a claim which she never made and admits she could not prove, and then dismiss that claim for her failure to do so. *See Commonwealth Land Title Insurance Co. v. Berks Title Insurance Co.,* 508 F.Supp. 921, 922 (E.D. Pa.1981) (denying defendant's suggestion that "notwithstanding plaintiff's disavowal of any intent to state a cause of action under RESPA, the Court should contrive one and then dismiss it. The mere statement of the proposition provides its own refutation. If the Court lacks jurisdiction, it must remand the matter to state court.") The plaintiff has only attempted to assert that she was wrongfully discharged in violation of her First Amendment rights, and the Court will treat her complaint as stating only that claim.

■ Defendant asserts that even if the plaintiff's claim is treated as a claim for violation of the First Amendment, it must be dismissed for failing to state a claim because there is no state action. It is axiomatic, as defendant points out, that governmental action is required in order to state a claim for deprivation of First Amendment rights. "The First and Fourteenth Amendments are limitations on state action, not on action by the owner of private property used for private purposes." *Central Hardware Co. v. N.L. R.B.,* 407 U.S. 539, 547, 92 S.Ct. 2238, 2243, 33 L.Ed.2d 122 (1972). *See also Buckley v. American Federation of Television and Radio Artists,* 496 F.2d 305, 309 (2d Cir. 1974). Plaintiff has failed, in her declaration, to assert or imply any state action.

■ The defendant is a privately owned, privately run nursing home. Actions by this private employer are not state actions prohibited by the First and Fourteenth Amendments. Nor has the plaintiff alleged any activity by which the state government has placed itself in the activities of the nursing home, thereby imbuing private action with a governmental character. Therefore, insofar as the plaintiff has alleged deprivation of her constitutional rights by River Walk's action in firing her, her complaint must be dismissed for failure to state a claim.

■ Plaintiff has belatedly asserted, however, that she had no intention of stating a constitutional claim but was simply asserting a claim for wrongful discharge under the law of the state of Maryland. The tort of wrongful discharge in Maryland applies when "the motivation for the discharge contravenes some clear mandate of public policy." *Adler v. American Standard Corp.,* 291 Md. 31, 47, 432 A.2d 464 (1981). Plaintiff now claims that the discharge by the defendant was against the public policy of the state of Maryland in that it violated the plaintiff's right to free speech and her right to associate with whom she pleases outside of her employment. At first glance, plaintiff seems to allege that Maryland public policy has merely incorporated federal law. If so, it would seem that some form of government action would still be required.

■ It is possible, however, that a state court could find that there is a public policy in Maryland against the violation of free

speech rights by private individuals. In *Adler,* the Maryland Court of Appeals recognized that it was not confined to "legislative enactments, prior judicial decisions or administrative regulations when determining the public policy of this State." *Adler,* 291 Md. at 45, 432 A.2d 464. *See also Adler v. American Standard Corp.,* 538 F.Supp. 572, 578 (D.Md.1982) (plaintiff may rely on federal law as the source of the public policy contravened by plaintiff's discharge). If there is a discernible Maryland public policy requiring private individuals to respect other individuals' rights of free speech, plaintiff may be able to assert her claim of wrongful discharge in the state court.

Plaintiff's first count is dismissed with prejudice insofar as it attempts to state a cause of action for a violation of First Amendment rights. However, insofar as the first claim is a claim of wrongful discharge in contravention of Maryland public policy, it is remanded for consideration by the Circuit Court for Wicomico County.

Plaintiff originally filed this action in state court, alleging wrongful discharge and breach of contract. Defendant has moved to have both claims dismissed outright, requiring the plaintiff to incur the expense of refiling her remaining claims in state court. When a claim which is the basis for removal is dismissed, as is the situation here, the District Court has discretion to either retain jurisdiction and decide the case on the merits, or to remand the case to the state court from whence it came. *Duncan v. Furrow Auction Co.,* 564 F.2d 1107, 1108 n. 1 (4th Cir.1977); *Watkins v. Grover,* 508 F.2d 920 (9th Cir. 1974). In *Naylor v. McGrath,* 585 F.2d 557 (2d Cir.1978), the Second Circuit held that it was an abuse of that discretion not to remand a case, which had been removed to federal court to adjudicate a federal claim which was later dropped, when the remaining claims involved questions of unclear state law. The Court found that in such a situation, the state court was the proper forum for deciding those remaining claims.

There are questions of unclear state law in this case, both in deciding the public policy of the state for the plaintiff's wrongful discharge claim and in deciding her claim for an alleged breach of contract. Defendant has attempted to distinguish *Naylor* and argue for an outright dismissal by arguing that *Naylor* involved the interpretation of a new state statute, while this case is based on a claim recently recognized only by the courts. This is a distinction without a difference. When state law is unclear, the proper course for the federal court to follow is to remand the case to the state court to allow that court to interpret its own law. A federal court adjudication on the merits would not be appropriate here. A dismissal without prejudice would also be inappropriate. Plaintiff filed her case in state court originally and should be allowed to return there without the additional time and expense of refiling her claims.

Plaintiff's motion to remand was denied improvidently and without sufficient facts available to the Court. Accordingly, for reasons stated herein, the marginal order entered June 11, 1984, will be stricken on the Court's motion.