OPINION
{¶ 1} Plaintiff-appellant, Leonard Nyamusevya, a pro se litigant, appeals from a judgment of the Franklin County Municipal Court dismissing plaintiff's complaint for lack of jurisdiction. Because we find no reversible error, we affirm the trial court's judgment.
 {¶ 2} On February 23, 2001, plaintiff filed a complaint in the Franklin County Municipal Court in which plaintiff alleged Medical Mutual of Ohio ("Medical Mutual") wrongly refused to pay medical claims that totaled $261. At the time the medical claims accrued on January 31 and April 11, 1997, plaintiff alleges he and his family were receiving public assistance, including medical insurance coverage, through the county department of human services. In his initial complaint, plaintiff sought $14,932 in damages plus filing fees, ten percent interest per annum from the date of judgment, and assistance in correcting his credit history. According to Medical Mutual, in April 2000, plaintiff's claims were eventually paid in the contractually specified amount. Medical Mutual filed an answer to plaintiff's complaint on March 12, 2001, in which Medical Mutual also requested dismissal of plaintiff's complaint.
 {¶ 3} Subsequently, on March 20, 2001, Medical Mutual filed a notice of removal in federal district court. In its removal notice, Medical Mutual asserted plaintiff's action was preempted by the Employee Retirement Security Act of 1974 ("ERISA"), under Section 1144 et seq., Title 29, U.S. Code and, therefore, the federal district court had original jurisdiction under ERISA. Because the case had been removed to federal district court, on April 10, 2001, the municipal court dismissed the action.
 {¶ 4} On April 17, 2001, while the case was before the federal district court, plaintiff moved to amend the complaint; however, the federal district court, through a magistrate, denied without prejudice plaintiff's motion. Plaintiff moved for reconsideration of the magistrate's decision. Additionally, while the case was before the federal district court, plaintiff also filed multiple motions including, but not limited to, additional motions to amend the complaint and a motion for judgment as a matter of law. In response to plaintiff's motion for judgment as a matter of law, Medical Mutual filed a cross-motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 12(c).
 {¶ 5} On October 26, 2001, the federal district court, through a magistrate's order, concluded ERISA was not the body of law applicable to plaintiff's claims and questioned whether the federal district court had proper subject matter jurisdiction; accordingly, the federal district court, through the magistrate, denied Medical Mutual's cross-motion to dismiss. On January 9, 2002, the federal district court, through a magistrate, remanded the matter to the Franklin County Municipal Court.
 {¶ 6} On March 21, 2002, after the case was remanded, plaintiff moved for leave to file an amended complaint in which plaintiff alleged Medical Mutual acted in bad faith by initially denying the medical claim; in this amended complaint, plaintiff sought $560,000 in damages, which was later increased in a subsequent pleading filed on May 13, 2002, to a demand for $4,560,000. On May 13, 2002, plaintiff also filed an amended motion for judgment as a matter of law, which Medical Mutual opposed. On May 23, 2002, plaintiff moved to consolidate this case with another municipal court case and, construing another motion filed the same day, plaintiff also moved to have the consolidated cases transferred to the Franklin County Court of Common Pleas. On May 28, 2002, Medical Mutual answered plaintiff's amended complaint and, in a counterclaim, Medical Mutual alleged plaintiff filed a baseless lawsuit in violation of R.C. 2323.51 and Civ.R. 11. Pursuant to Civ.R. 15, on June 14, 2002, Medical Mutual amended its counterclaim; in this amended counterclaim, Medical Mutual reduced its demand for compensatory damages from an amount in excess of $25,000 to an amount not to exceed $15,000 and, additionally, Medical Mutual reduced its demand for punitive damages from an amount in excess of $25,000 to an amount not to exceed $15,000.
 {¶ 7} On June 17, 2002, the municipal court dismissed without prejudice plaintiff's action for lack of jurisdiction. Following dismissal, on July 2, 2002, Medical Mutual moved to strike some of plaintiff's pleadings and moved for sanctions against plaintiff.
 {¶ 8} From the municipal court's June 17, 2002 judgment, plaintiff timely appeals and asserts thirteen assignments of error:
 {¶ 9} "I. Indisputable Defendant Appellee's Guilt Admission, Supported by Available and Admissible Prima Facie Proof Evidence Documents.
 {¶ 10} "II. Indisputable Plaintiff Appellant's Prima Facie Proof Evidence Manifest Weight of the Proof of Evidence, which is in the Ultimate Favor of the Plaintiff Appellant.
 {¶ 11} "III. Indisputable Prima Facie Proof Evidence of Defendant Appellee's Contempt of Court, Obstruction of Justice, Actual Malice, Misrepresentation, and Violation of the Ohio Rules and the Ohio Codes of Professional Responsibility and Judicial Conduct.
 {¶ 12} "IV. Indisputable Prima Facie Proof Evidence of Defendant Appellee's Improvident or Improper Removal of the Cause of Action to the Federal District Court.
 {¶ 13} "V. Indisputable Prima Facie Proof Evidence of Trial Court Failure to Examine and Test the Defendant Appellee's Propriety of Removal in this case.
 {¶ 14} "VI. Indisputable Prima Facie Proof Evidence of Trial Court's Unlawful Proceeding and Misleading on Remand.
 {¶ 15} "VII. Indisputable Prima Facie Proof Evidence of Trial Court's Unlawful Denial to Proceed to trial this Case, an Error which Raised Other Errors to Occur, and which Prevented Plaintiff Appellant from Receiving Justice.
 {¶ 16} "VIII. Indisputable Prima Facie Proof Evidence of Trial Courts' Own Complication and Confusion that Prevented Plaintiff Appellant from Filing the Motion for Summary Judgment Supported by ORCP 37, and ORCP 56, and from Receiving Justice.
 {¶ 17} "IX. Indisputable Prima Facie Proof Evidence of Defendant Appellee's Own Risk and Own Peril that Caused the Plaintiff Appellant's Complaint to Exceed the Trial Court's Monetary Jurisdiction Competence Limit and Caused a Lack of Jurisdiction over this Case.
 {¶ 18} "X. Indisputable Prima Facie Proof Evidence of Defendant Appellee Avoiding the Franklin County Municipal Court Trial.
 {¶ 19} "XI. Indisputable Prima Facie Proof Evidence of Defendant Appellee's Counterclaim, which Exceeds the Trial Court's Monetary Jurisdiction Competence Limit and Caused a Lack of Jurisdiction over this Case.
 {¶ 20} "XII. Indisputable Prima Facie Proof Evidence of Injustice and Unlawfully Biased Trial Court Final Decision, which is Against the Manifest Weight of the Proof of Evidence documents.
 {¶ 21} "XIII. Indisputable Prima Facie Proof Evidence of Plaintiff Appellant Request to Transfer this Case to the Franklin County Court of Common Pleas."
 {¶ 22} After diligent effort to decipher cognizable arguments from plaintiff's brief and notice of appeal, we conclude plaintiff's assignments of error essentially resolve to the following issues: (1) whether the municipal court erred by permitting the case to be removed to federal district court; (2) whether the municipal court erred in dismissing plaintiff's complaint for lack of jurisdiction; (3) whether the municipal court's judgment was against the manifest weight of the evidence; (4) whether the municipal court acted in a biased manner against plaintiff; (5) whether the municipal court conspired with defendant against plaintiff; and (6) whether the municipal court committed pretrial errors or permitted errors in discovery. Because plaintiff's claims are interrelated, we will address them jointly.
 {¶ 23} As a preliminary matter, "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651, 654. See, also, Hart v. Columbus Dispatch/Dispatch Printing Co., Franklin App. No. 02AP-506, 2002-Ohio-6963, at ¶ 21, citing CAT-Rental Store v. Sparto (Feb. 19, 2002), Clinton App. No. CA2001-08-024 (pro se litigants must accept results of their own mistakes and errors). Moreover, "Ohio courts are under no duty to inform civil pro se litigants of the law." Jones Concrete, Inc. v. Thomas (Dec. 22, 1999), Medina App. No. 2957-M. Therefore, to the extent plaintiff asserts the trial court erred by not advising plaintiff about possible pleading errors or, alternatively, plaintiff should be held less accountable for his own mistakes because he is a pro se litigant, plaintiff's contention is not well-taken.
 {¶ 24} Plaintiff asserts the municipal court erred by permitting the action to be removed to federal district court. Under Section 1446(d), Title 28, U.S. Code, after a defendant has filed a notice of removal in federal district court, provided proper notice to adverse parties, and filed a copy of the notice in the state court, "the State court shall proceed no further unless and until the case is remanded." As noted in In re Diet Drugs (C.A. 3, 2002), 282 F.3d 220, 232, fn. 6, quoting Yarnevic v. Brink's, Inc. (C.A. 4, 1996), 102 F.3d 753, 754, "`[a] proper filing of a notice of removal immediately strips the state court of its jurisdiction.'" Furthermore, "following removal, any further proceedings in a state court are considered coram non judice and will be vacated even if the case is later remanded." California ex rel. Sacramento Metro. Air Quality Mgt. Dist. v. United States (C.A. 9, 2000), 215 F.3d 1005, 1011, construing 14C Charles Alan Wright, Arthur R. Miller Edward H. Cooper, Federal Practice Procedure, 384, Section 3737 (3d ed. 1998). See, also, In re Diet Drugs at 232, fn. 6.
 {¶ 25} Therefore, after Medical Mutual removed the matter to federal district court, the municipal court no longer possessed jurisdiction over plaintiff's complaint pursuant to Section 1446, Title 28, U.S. Code. Furthermore, to the extent plaintiff asserts Medical Mutual did not comply with removal procedures under Section 1446, Title 28, U.S. Code, or the federal district court erred by failing to properly examine Medical Mutual's notice of removal, we do not consider these claims for lack of jurisdiction. See Section 3(B)(2), Article IV, Ohio Constitution (state courts of appeal have jurisdiction as provided by law to review final orders of inferior courts); R.C. 2501.02 (conferring jurisdiction to state appellate courts to consider judgments or final orders of inferior courts within appellate district). If, at the time of removal, plaintiff had concerns about the propriety of removal, plaintiff should have addressed these concerns to the federal district court. See Ciotti v. Aetna Cas. Sur. Co. (E.D.Pa. 1981), 511 F. Supp. 647, 648
("[b]y filing the petition for removal and bond and providing notice to all parties, defendant effected removal * * * and ceased the state court proceedings. * * * Plaintiff's objections thereto properly take the form of a motion to remand"). Additionally, despite plaintiff's contentions about improper removal, we observe plaintiff consented to disposition of the case by a federal magistrate judge. See federal court order filed May 30, 2001. Consequently, plaintiff's contention the municipal court erred by permitting removal is without merit.
 {¶ 26} Plaintiff also asserts the municipal court, after receiving the matter on remand, erred by dismissing plaintiff's complaint for lack of jurisdiction.
 {¶ 27} Pursuant to Am.Sub.H.B. No. 438 and Am.Sub.H.B. No. 627, effective January 1, 1997, the monetary jurisdiction of municipal courts changed from an amount not to exceed ten thousand dollars to an amount not to exceed fifteen thousand dollars. Under R.C. 1901.17:
 {¶ 28} "[a] municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party * * * does not exceed fifteen thousand dollars, except that this limit does not apply to the housing division or environmental division of municipal court.
 {¶ 29} "Judgment may be rendered in excess of the jurisdictional amount, when the excess consists of interest, damages for the detention of personal property, or costs accrued after the commencement of the action."
 {¶ 30} Here, in an amended complaint filed March 21, 2002, after the case was remanded to municipal court, plaintiff sought $560,000 in damages, which was later increased to $4,560,000 in a subsequent pleading filed on May 13, 2002. Because, as a matter of law, dismissal is required when an initial pleading seeks relief beyond statutory restrictions set forth in R.C. 1901.17, State ex rel. Natl. Emp. Benefit Serv., Inc. v. Cuyahoga Cty. Court of Common Pleas (1990), 49 Ohio St.3d 49, 50, rehearing denied, 50 Ohio St.3d 703, we conclude the municipal court did not err by dismissing plaintiff's action. Plaintiff's contention that Medical Mutual's initial counterclaim that sought compensatory damages in "an amount in excess of $25,000" and punitive damages in "an amount in excess of $25,000" caused plaintiff's complaint to exceed the municipal court's monetary jurisdiction is also unpersuasive. Although Medical Mutual's initial counterclaim exceeded the monetary jurisdiction of the municipal court, Medical Mutual's counterclaim was filed after plaintiff's amended complaint, which sought damages in excess of the municipal court's monetary jurisdiction. Furthermore, the municipal court had no jurisdiction to transfer plaintiff's case to common pleas court. State ex rel. Natl. Emp. Benefit Serv., Inc. at 50. Consequently, plaintiff's contentions that the municipal court erred by dismissing plaintiff's claim and by failing to transfer the case to common pleas court are not well-taken.
 {¶ 31} Plaintiff also asserts the municipal court's judgment was against the manifest weight of the evidence. See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus ("[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence").
 {¶ 32} Here, the trial court dismissed the action because of a jurisdictional defect; the trial court did not weigh evidence or consider the merits of plaintiff's case.
 {¶ 33} "Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. In the civil context, the standard applied to determine whether to dismiss a case for lack of subject matter jurisdiction is whether the plaintiff has alleged `any cause of action cognizable by the forum.' * * *" State v. Swiger (1998), 125 Ohio App.3d 456, 462, dismissed, appeal not allowed,82 Ohio St.3d 1411, quoting Avco Fin. Serv. Loan, Inc. v. Hale (1987),36 Ohio App.3d 65, 67. See, also, Morrison v. Steiner (1972),32 Ohio St.2d 86, paragraph one of the syllabus ("[s]ubject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits"); State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544 ("[s]ubject matter jurisdiction may not be waived or bestowed upon a court by the parties to the case").
 {¶ 34} Accordingly, plaintiff's contention the municipal court's judgment was against the manifest weight of the evidence is not well-taken because in its dismissal the trial court did not consider the particular facts of plaintiff's case due to a lack of jurisdiction.
 {¶ 35} Additionally, plaintiff also asserts the municipal court acted in a biased manner against plaintiff and colluded with defendant against plaintiff. We find no evidence of collusion or bias in the record. Nor is there any evidence to support plaintiff's claims of contempt of court, obstruction of justice, maliciousness, misrepresentation, and violations of professional conduct or ethics. Consequently, plaintiff's assertions of such conduct are not well-taken.
 {¶ 36} Plaintiff also asserts error relating to pretrial and discovery matters. As observed in Compston v. Automanage, Inc. (Apr. 30, 1990), Clermont App. No. CA89-11-093, "[t]he trial court exercises broad discretion in settling procedural matters, including the regulation of discovery, consistent with the rules of civil procedure. * * * Decisions of the trial court regarding pretrial matters will not be reversed absent an abuse of discretion." Moreover, "[a]n abuse of discretion means more than an error of law or an error of judgment. It implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." Trangle v. Rojas, 150 Ohio App.3d 549, 2002-Ohio-6510, at ¶ 19, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Here, prior to its judgment, the municipal court did not explicitly rule on plaintiff's numerous motions, some of which arguably were difficult to decipher. Under these circumstances, we cannot conclude the municipal court acted unreasonably, arbitrarily, or unconscionably. See, e.g., Beaudett v. City of Hampton (C.A. 4, 1985), 775 F.2d 1274, 1277, certiorari denied (1986), 475 U.S. 1088, 106 S.Ct. 1475 ("[p]ro se lawsuits present district judges and magistrates with a special dilemma. On the one hand, they represent the work of an untutored hand requiring special judicial solicitude. On the other hand, they may present obscure or extravagant claims defying the most concerted efforts to unravel them"). Consequently, because we find no abuse of discretion by the municipal court, plaintiff's assertions of error relating to pretrial and discovery matters are not persuasive and are not well-taken.
 {¶ 37} Accordingly, after a diligent effort to decipher cognizable arguments from plaintiff's brief and notice of appeal and having found all plaintiff's arguments as contained in the assignments of error to be without merit, we overrule all of plaintiff's assignments of error.
 {¶ 38} For the foregoing reasons, all 13 of plaintiff's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BROWN and KLATT, JJ., concur.